JOSHUA B., et al., Plaintiffs,

v.

NEW TRIER TOWNSHIP HIGH
SCHOOL DISTRICT 203, et
al., Defendants.

No. 90 C 6104.

United States District Court,
N.D. Illinois, E.D.

Aug. 5, 1991.

Lorna E. Propes, Susan G. Feibus, Louis B. Garippo, Kane, Obbish, Propes & Garippo, Brooke R. Whitted, Kay R. Kraning, Whitted & Kraning, Chicago, Ill., for plaintiffs.

John A. Relias, James J. Zuehl, Vedder, Price Kaufman & Kammholz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

As a general rule, an individual may not sue the sovereign. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Each state government, like the federal government, has a constitutional interest in being immune from suit. Under the Eleventh Amendment, each state also has a constitutional interest in being free from suit in federal court. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 3146–47, 87 L.Ed.2d 171 (1985).

Absent consent, therefore, the Eleventh Amendment to the Constitution prohibits the naming of "the State or one of its agencies or departments" a defendant in a suit. *Pennhurst v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908; 79 L.Ed.2d 67 (1984). This has led the Supreme Court to require plaintiffs to meet a "stringent standard" demonstrating Congress' intent that a State may be sued in federal court. Specifically, this test is: "Congress may abrogate the States' constitutionally secured immunity from suit in federal court [under the Eleventh Amendment] only by making its intention unmistakably clear in the language of the statute." *Atascadero,* 105 S.Ct. at 3147. This test does not allow us to determine from

the legislative record Congress' intent for the simple reason that if the statute is not sufficiently clear on its face then by definition the statute is not "unequivocal." *Dellmuth v. Muth*, 491 U.S. 223, 109 S.Ct. 2397, 2401, 105 L.Ed.2d 181 (1989) ("If Congress' intention is 'unmistakably clear in the language of the statute,' recourse to legislative history will be unnecessary; if Congress' intention is not unmistakably clear, recourse to legislative history will be futile, because by definition the rule of *Atascadero* will not be met").

The Education of the Handicapped Act ("EHA") confers upon handicapped children the right to a "free appropriate public education." 20 U.S.C. § 1400(c). States seeking federal financial assistance must implement programs to effectuate the goals of the Act. Although the Act confers upon handicapped students substantive rights, the rights have been difficult to enforce against the states who are charged with executing the policy directives of the EHA. In 1989, the Supreme Court held that "the statutory language of the EHA does not evince an unmistakably clear intention to abrogate the State's constitutionally secured immunity from suit." *Dellmuth*, 109 S.Ct. at 2402.

In October of 1990, Congress passed the Education of the Handicapped Act Amendments which significantly abridge the States' sovereign immunity from suit under the Eleventh Amendment. 20 U.S.C. § 1403. In § 103 of the Amendments, titled "Abrogation of State Sovereign Immunity", the Amendments explicitly state that States "shall not be immune under the 11th Amendment from suit in Federal court for a violation of this chapter." Only violations that "occur in whole or in part after October 30, 1990" are affected by the abrogation amendment—violations occurring wholly before the Amendments are not covered. 20 U.S.C. § 1407. To defeat the motion to dismiss as to the EHA counts, plaintiffs must demonstrate that there are EHA violations that have occurred "in whole or in part" after the date of enactment.

Plaintiffs claim in Count I, through various acts and omissions by the Illinois State Board of Education ("ISBE"), failure to provide Joshua B. with a free appropriate public education and due process violations. In Count II, plaintiffs allege violation of the EHA "stay put" provision. A necessary component to these claims are those made in Counts V and VI, which allege violations of the equal protection and due process rights of the plaintiffs by the ISBE and Illinois Governor's Purchased Care Review Board ("GPCRB"). Unless it is proven that the procedures of the various implementing agencies within the state have violated the constitutional rights of the plaintiffs, neither the letter of the EHA nor the Illinois enabling legislation will have been violated.

■ The facts as alleged in Counts I, V and VI, if proven, would state a claim upon which relief could be granted. If the alleged constitutional violations are proven, then plaintiffs will have demonstrated one or several EHA violations that would have occurred "in whole or in part after the date" of enactment of the 1990 Amendments. In essence, these facts would "defeat" the Eleventh Amendment sovereign immunity argument as these EHA violations would have begun in April of 1988 and be "ongoing."

Plaintiffs' Response to the State Defendant's Motion to Dismiss Complaint makes the "ongoing violation" argument in reference to the "stay put" allegation contained Count II. As applied to the alleged facts, this argument does not work on this particular Count. The "stay put" provision of the EHA, 20 U.S.C. § 1415(e)(3), states in relevant part: "During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child." Plaintiffs allege that from the beginning of the administrative proceedings in February of 1989, Joshua was required to remain at his "then current educational placement."

434

This argument misconstrues the statute, which is intended to cover those handicapped students already in a particular state's EHA approved program. Joshua B. was placed at the Brown school by his parents, outside the direction of the ISBE, GPCRB or New Trier. The "stay put" provision is meant to protect the student from interruptions in his education and to protect the parties to the administrative proceedings by insulating the student until the proceedings come to a conclusion regarding that child's placement. It cannot logically be construed, however, to mean that a student not yet placed by the state must remain at his current educational placement. Accordingly, since the "stay put" provision does not apply to the facts of this case as alleged by the plaintiffs, Count II fails as a matter of law.

Plaintiffs allege in Count III a violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In 1986, language nearly identical to that added to the EHA Amendments was passed by Congress. 42 U.S.C. § 2000d–7 "Civil Rights Remedies Equalization." Section 2000d–7(a)(1) states: "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 794, ... or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." Section 2000d–7 effectively overturned the Supreme Court's ruling that "the Rehabilitation Act does not abrogate the Eleventh Amendment bar to suits against the States." *Atascadero*, 105 S.Ct. at 3149. Pursuant to § 2000d–7(b), the provisions of subsection (a) take effect "with respect to violations occurring in whole or in part after October 21, 1986."

Plaintiffs cite a case in support of their claim that the abrogation of state sovereign immunity legislation has been applied specifically to the Rehabilitation Act. *McGuire v. Switzer*, 734 F.Supp. 99 (S.D.N.Y.1990). Without being able to resolve as a matter of law that plaintiffs' constitutional rights were violated, this Court is compelled to conclude that if such facts were proven, plaintiffs would state a claim in Count III upon which relief could be granted. Accordingly, the motion to dismiss Count III is denied.

State defendant's motion to dismiss Count VII advances an Eleventh Amendment state sovereignty argument identical to one advanced in support of its motion to dismiss the EHA and Rehabilitation Act counts. Because recent legislation has eliminated the States' sovereign immunity, state defendants' reference to *Pennhurst* and plaintiffs' reference to EHA procedural safeguards, 20 U.S.C. § 1415(e)(4)(E), are not relevant—§ 103 of the 1990 Amendments abrogating state sovereign immunity is controlling. Coupled with the finding that the facts, if proven as alleged by the plaintiffs, would support an ongoing violation of the EHA guidelines, Count VII cannot be dismissed.

We grant the motion to dismiss Count II and deny the motion to dismiss Counts I, III, IV, V, VI, and VII. It is so ordered.